IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

TIMOTHY BARLOW, individually and
on behalf of others similarly situated,

Plaintiff,

vs.

WESTIN DIA OPERATOR, LLC, a Delaware
limited liability company,

Defendant.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, and D.C.Colo.LCivR 81.1, Defendant Westin DIA Operator, LLC ("Defendant"), hereby respectfully gives notice of removal of the above-captioned action from the District Court for the City and County of Denver, Colorado, to the United States District Court for the District of Colorado.  As grounds for this removal, Defendant states as follows:

1.      On or about May 1, 2020, Plaintiff Timothy Barlow ("Plaintiff") filed his Individual and Class Action Complaint in the District Court for the City and County of Denver, Colorado, captioned *Barlow v. Westin DIA Operator, LLC,* Case No. 2020CV31518.

2.      Pursuant to 28 U.S.C. §1441(a), any civil action commenced in state court asserting a claim over which the district courts of the United States have original jurisdiction may be removed to the United States District Court embracing the state court where the action is pending.

3.      On May 6, 2020, Defendant's registered agent, C T Corporation System, was served in Centennial, Colorado, with copies of the District Court Civil Summons, Individual and Class Action Complaint, and District Court Civil Case Cover Sheet.  Pursuant to 28 U.S.C. §1446(a), true and correct copies of all pleadings, process, and orders served upon Defendant in the District Court for the City and County of Denver, Colorado, are attached hereto as Exs. C to L.

4.      Defendant has not yet answered or otherwise responded to Plaintiff's Individual and Class Action Complaint.  To Defendant's knowledge, no further state court proceedings have occurred or are scheduled before the state court in this matter.  The only other pleadings filed with the state court beyond those served upon Defendant on May 6, 2020, are a Delay Reduction order (filed May 4, 2020); an Affidavit of Service (filed May 7, 2020); undersigned counsels' Entries of Appearance (filed May 20, 2020); Defendant Westin DIA Operator, LLC's Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint, along with a proposed order (filed May 21, 2020); an Entry of Appearance for David H. Miller (filed May 21, 2020); and an order granting Defendant Westin DIA Operator, LLC's Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint (filed May 24, 2020).  Copies of these papers are attached hereto as Exs. F to L.

5.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed within thirty days after Defendant both received a copy of the Individual and Class Action Complaint and was served with the summons in the state court action.

6.      This action is properly removed to this Court pursuant to 28 U.S.C. § 1441(a) and § 1446(a) because the state court in which the action was commenced is within this Court's district.

7.      Removal is proper, first, under 28 U.S.C. § 1332(a), because this action is between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.      With respect to diversity, Plaintiff is a resident of Colorado.  *See* Ex. C at ¶ 9.

9.      Defendant is a Delaware limited liability company.  *See* Ex. A at ¶ 3.  The Tenth Circuit has held that in determining citizenship of a limited liability company for purposes of diversity jurisdiction, the limited liability company "takes the citizenship of all its members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

10.     A corporation is deemed to be a citizen of every state in which it has been incorporated and of the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (a corporation's "principal place of business" is where its high level officers direct, control, and coordinate the corporation's activities; *i.e.*, its "never center").

11.     Defendant's sole member is Starwood Hotels & Resorts Worldwide, LLC, a Maryland limited liability company, with its principal place of business in Bethesda, Maryland. *See* Ex. A at ¶ 3.  Starwood Hotels & Resorts Worldwide, LLC's sole member is Mars Merger Sub, LLC, a Delaware limited liability company with its principal place of business in Bethesda, Maryland.  *See id*. at ¶ 4.  Mars Merger Sub, LLC's sole member is Marriott International, Inc., a Delaware corporation with its principal place of business in Bethesda, Maryland.  *See id*. at ¶ 5.

12.     Because a limited liability company takes the citizenship of all its members, and because Defendant's sole member (Starwood Hotels & Resorts Worldwide, LLC) is itself a limited liability company that takes the citizenship of its sole member (Mars Merger Sub, LLC), and because Mars Merger Sub, LLC is also a limited liability company that takes the citizenship

of its sole member (Marriott International, Inc.), Defendant is a citizen of Delaware and Maryland, since Marriott International, Inc., is incorporated in Delaware, and since its principal place of business is in Maryland.  *See id*. at ¶¶ 3-5 .

13.     Because Defendant is a citizen of Delaware and Maryland, and Plaintiff is a citizen of Colorado, complete diversity exists under 28 U.S.C. § 1332(a).

14.     With respect to the amount in controversy, Plaintiff alleges in his first claim for relief that Defendant failed to pay him required minimum wages "of at least $37,674.00," and that he is additionally entitled to "penalties, reasonable attorney's fees, and costs."  *See* Ex. C at ¶ 58.  He further alleges that this violation was "willful."  *See id.* at ¶ 57.  He claims entitlement to statutory penalties under the Colorado Wage Act on this claim pursuant to, *inter alia*, C.R.S. § 8-4-109, and attorneys' fees pursuant to, *inter alia*, C.R.S. § 8-4-110.  *See id.* at ¶ 58.

15.     Pursuant to C.R.S. § 8-4-109(3)(b), an employer which fails to timely pay an employee earned, vested, and determinable wages shall be liable to the employee "for the wages or compensation," plus a penalty of at least "[o]ne hundred twenty-five percent of that amount of such wages or compensation up to and including seven thousand five hundred dollars," and "[f]ifty percent of that amount of such wages or compensation that exceed seven thousand five hundred dollars."  Pursuant to  C.R.S. § 8-4-109(3)(c), this penalty "shall increase by fifty percent" if the employee can show the employer's failure to pay was "willful."

16.     Pursuant to  C.R.S. § 8-4-109(3)(b) & (c), and assuming he were to prevail on his first claim for relief and prove that Defendant's failure to pay him was "willful," Plaintiff would be entitled to recover at least $71,554.50 in wages and statutory penalties alone on this one claim.[1]  Because Plaintiff also seeks attorneys' fees pursuant to statute on this claim, *see* Ex. C at

---

[1] $37,674 + ($7,500 + .5($37,764 - $7,500)) + .5(($7,500 + .5($37,764 - $7,500))) = $71,554.50.

¶ 59, this claim alone satisfies the $75,000 amount in controversy requirement because any attorneys' fees expended in this action are highly likely to exceed $3,445.50 over the course of the litigation.  *Cf., e.g.*, *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (a reasonable estimate of attorneys' fees may be included in the amount-in-controversy calculation where the recovery of such fees is permitted by statute); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 89 (2014) (notice of removal "need not contain evidentiary submissions" to adequately plead the amount in controversy; it need only include a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

17.     The jurisdictional threshold is also satisfied because, pursuant to Plaintiff's second claim for relief alleging that Defendant improperly took alleged "gratuities" from him, Plaintiff also claims "many thousands of dollars" in personal damages, and further claims entitlement to statutory damages and attorneys' fees under the Colorado Wage Act.  *See* Ex. C at ¶¶ 70, 71.  And, again, he alleges that Defendant's actions in allegedly improperly taking these purported "gratuities" from him were "willful."  *See id.* at ¶ 69.

18.     With respect to both his claims, Plaintiff additionally requests preliminary and permanent injunctions, a declaratory judgment, service payments for serving as a representative of absent class members, and the costs of administering any and all payments awarded by absent class members by the Court.  *See id.* at 10-11.  These alleged damages—including the reasonable monetary value thereof—further establish that the amount in controversy requirement is satisfied.[2]

---

[2] To the extent Plaintiff's alleged damages may properly be aggregated with those of the absent class members he seeks to represent, the amount in controversy is additionally satisfied because he alleges that the absent class members are also entitled "to similar amounts" as him on his first claim for relief, *see* Ex. C at ¶ 59, and that Defendant allegedly also took "many thousands of dollars" from the absent class members with respect to his second claim for relief.  *See id.* at ¶ 71.

19.     Because complete diversity exists and the amount in controversy requirement is satisfied, the state court action is properly removed to this Court on the basis of diversity jurisdiction.

20.     In addition to being properly removed to this Court on the basis of diversity jurisdiction, this action is also properly removed to this Court under federal question jurisdiction pursuant to 28 U.S.C. § 1331 (and/or supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367(a)) insofar as one or both of Plaintiff's claims are completely pre-empted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  Although Plaintiff's claims do not state a federal cause of action on their face, the complete preemption corollary to the well-pleaded complaint rule permits removal of these claims on federal question jurisdiction grounds. *See, e.g.*, *Carroll v. City of Albuquerque*, 749 F. Supp. 2d 1216, 1230 (D.N.M. 2010).

21.     Both of Plaintiff's claims are completely pre-empted by Section 301 because the Court's evaluation of both would be "inextricably intertwined with consideration of the terms of" a collective bargaining agreement.  *See, e.g.*, *Mowry v. United Parcel Serv.*, 415 F.3d 1149, 1152 (10th Cir. 2005) (further citation omitted).

22.     In his first claim for relief, Plaintiff broadly alleges that he was not paid the required minimum wage in Colorado because his "base rate" was below that wage.  *See, e.g.*, Ex. C at ¶¶ 5, 26, 29, 56, 58.  The gravamen of Plaintiff's claim is that, unlike under federal wage and hour law—which expressly permits a "service charge" (which is distinguished from a "tip" or a "gratuity") to be used toward satisfying minimum wage requirements, *see* 29 C.F.R. § 531.55(b) ("[S]ervice charges and other similar sums which become part of the employer's receipts are not tips for purposes of the [Fair Labor Standards Act] . . . they may be used in their entirety to satisfy the monetary requirements of the Act")—Colorado wage and hour law

purportedly does not allow such service charges to be used to satisfy minimum wage requirements.[3] Plaintiff's first claim for relief accordingly alleges that the "base wage" he was paid—and irrespective of how this "base wage" was supplemented with any service charge or other monies be received—did not satisfy Colorado's minimum wage requirements.

23.     However, Plaintiff's terms and conditions of employment (and those of the absent class members he seeks to represent) are governed by a collective bargaining agreement effective between Defendant and a Union representing both Plaintiff and the absent class members, Unite Here Local 23. *See* Ex. B. This bargained-for agreement—in its "Appendix A"—establishes the "base wage" rate for "Service Express Attendants" like Plaintiff to which Plaintiff's first claim for relief relates. *See* Ex. B at 35. And the wage tables in Appendix A which establish this "base wage" rate also expressly identify "Service Express Attendants" like Plaintiff as "Service Charge" employees, as opposed to "Tipped" employees (who receive different base wage rates under the tables). *See id.*

24.     In evaluating Plaintiff's first claim for relief, the Court will have to consider, in addition to the above, multiple terms of the collective bargaining agreement between Defendant and the Union, as these terms are "inexorably intertwined" with the evaluation of Plaintiff's first claim. By way of non-exclusive example, the collective bargaining agreement contains the following terms that would have to be considered in evaluating Plaintiff's first claim for relief:

- "Notwithstanding any language in the Agreement to the contrary, non-discretionary service charges paid to service charge classifications can, along with the base hourly rate, be included in the minimum wage calculation . . . ." Ex. B at 36, § B.2.c.

---

[3] Although it is beyond the scope of this Notice of Removal, Defendant strenuously disagrees with this proposition, and notes that Plaintiff's complaint inaccurately suggests that "service charges" are the same as "tips" or "gratuities" under Colorado wage and hour law; they are not.

- "**Minimum Wage Defined Herein**. It is hereby agreed that wages specified in 'Appendix A' of this Agreement shall be regarded as minimum hourly wage rates . . . ." *Id.* at 6, § 7.05 (emphasis in original).

- "All disputes regarding gratuities and/or service charges shall come under the grievance procedures hereinafter set forth." *Id.* at 20, § 14.05.[4]

25. Plaintiff's second claim for relief broadly alleges that Defendant has an alleged illegal practice of "taking approximately 25% of the gratuities intended for [Plaintiff] and the Class Members, which it branded as 'service charges.'" *See, e.g.*, Ex. C at ¶¶ 6, 37, 39, 63. Plaintiff claims that this alleged taking of a portion of service charges also violates Colorado wage and hour law. *See, e.g., id.* at ¶¶ 6, 64, 66, 68.

26. Again, the gravamen of Plaintiff's second claim for relief is that Defendant's alleged taking of a portion of service charges violates Colorado wage and hour law because—according to Plaintiff's theory—"service charges" are the same as "gratuities" (for which specific rules wage and hour rules apply about an employer's ability retain any portion of such gratuities). *See, e.g., id.* at ¶ 38 (alleging "[o]n information and belief, the 'service charges' were gratuities that [Defendant's] patrons intended for [Plaintiff] and other Class Members").[5]

27. In evaluating Plaintiff's second claim for relief, the Court would also have to consider, in addition to the collective bargaining agreement provisions discussed above, further terms of the agreement that are likewise "inexorably intertwined" with any evaluation of

---

[4] The grievance procedures set forth in the agreement, in turn, provide detailed provisions relating to complaints about alleged violations of the agreement. *See* Ex. B at 29-31, Art. 23. These provisions include, among other things, that "[p]ay grievances shall be dated from receipt of the paycheck," and that "[a]ny grievance not timely filed or processed shall be resolved or waived by the Union." *Id.* at 30, § 23.03.

[5] Again, although it is beyond the scope of this Notice of Removal, Plaintiff is mistaken on this point as Colorado wage and hour law only prohibits employers from taking portions of "tips or gratuities," not service charges. *See* 7 C.C.R. 1103-1, Rule 6.1 (2020). Although these terms are not as well defined under Colorado law as under federal law, federal regulations draw a clear distinction between "tips" or "gratuities" and "service charges." *See, e.g.*, 29 C.F.R. § 531.52 ("A tip is a sum presented by a customer as a gift or gratuity in recognition of some service performed by him. It is to be distinguished from payment of charge, if any, made for the service . . ."); *cf. Marlow v. New Food Guy, Inc.*, 861 F.3d 1157 (10th Cir. 2017) (finding regulation invalid to extent it prohibited employers from taking any portion of tips where employer did not claim a tip credit). Federal law is persuasive in interpreting Colorado wage and hour law.

Plaintiff's claim.  Most notably, these terms include an entire section of the collective bargaining agreement pertaining to how "service charges" will be paid to Plaintiff and other "Service Express" employees and/or how such service charges will be shared with Defendant.  *See* Ex. B at 19-20, §§ 14.04(A)-(G).  By way of non-exclusive example, certain provisions of this section of the bargained-for agreement provide:

- "**In-Room Dining Service Charges.**  Effective on the ratification date of this Agreement, service express attendants shall receive a service charge of **Twenty Percent (20%)** of all consumable food and beverage items delivered, except for house orders, complimentary charges, or amenities requested by the Hotel.  Any service charge in excess of the **Twenty Percent (20%)** and any delivery fees shall remain the sole property of the Hotel." *Id*. at 19, §14.04(A) (emphasis in original).

- "**Pay Out of Service Charge.**  All service charges and porterage for the service express department, shall be pooled weekly, and will be paid out, at the latest, within the following pay period." *Id*. at 20, § 14.04(F) (emphasis in original).

28.    To the extent Plaintiff seeks to represent any absent class members outside of the Service Express Department in which he belongs, the collective bargaining agreement contains additional detailed provisions addressing how "service charges" must be paid to such employees, and/or how such charges will be shared with Defendant.  *See id.* at 17-19, §§ 14.02, 14.03. These detailed provisions address the payment of services charges in the context of "Outlets" (including "Service Charges for Large Parties") and in the context "Banquets" (including "Banquet Service Charges").  *See id*.

29.    In light of the foregoing, this action is also properly removed to this Court pursuant to 28 U.S.C. § 1441(a), which confers federal removal jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *See also, e.g.*, 29 U.S.C. § 185(a) (providing federal court jurisdiction over Section

301 actions under the LMRA "without respect to the amount in controversy or without regard to the citizenship of the parties"); *see also* 28 U.S.C. § 1331 (general federal question jurisdiction).[6]

30.    Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being provided to Plaintiff's counsel, and a copy is being filed with the Clerk of the District Court for the City and County of Denver, Colorado.

31.    In compliance with D.C.Colo.LCivR 81.1(b), Defendant will file a current docket sheet, and any pending motions, petitions, and related responses, replies, and briefs, from the state court action, in this Court within 14 days after the filing of this Notice of Removal.

32.    A Civil Cover Sheet and a Supplemental Civil Cover Sheet are attached hereto as Exs. M and N.

WHEREFORE Defendant Westin DIA Operator, LLC, respectfully requests that the above-referenced action be removed to the United States District Court for the District of Colorado.

Dated June 4, 2020.

Respectfully submitted,

Steven M. Gutierrez
Bradford J. Williams
Holland & Hart, LLP
555 17th Street, Suite 3200
Denver, Colorado 80202-3979
Telephone: (303) 295-8531 (Gutierrez)
Telephone: (303) 295-8121 (Williams)
E-mail: sgutierrez@hollandhart.com
E-mail: bjwilliams@hollandhart.com

---

[6] While this Court has federal removal jurisdiction on federal question grounds over both of Plaintiff's claims because both are completely preempted by Section 301 of the LMRA, even if this Court only had federal question jurisdiction over one of these claims, removal of the other claim to this Court would still be proper pursuant to 28 U.S.C. § 1367(a), because both claims form part of the same "case or controversy."

ATTORNEYS FOR DEFENDANT WESTIN DIA
OPERATOR, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2020, I have caused to be electronically filed the foregoing (including exhibits) with the Clerk of Court using the CM/ECF system and have served a copy of the foregoing (with exhibits) on the following via e-mail:

> David H. Miller
> Adam M. Harrison
> THE SAWAYA & MILLER LAW FIRM
> 1600 Ogden Street
> Denver, Colorado 80218
> Telephone: (303) 551-7691
> FAX: (303) 3030-7102
> Email: DMiller@sawayalaw.com
>         AHarrison@sawayalaw.com

**ATTORNEYS FOR PLAINTIFF**

I further hereby certify that on June 4, 2020, I have caused to be electronically filed foregoing (including exhibits) with the Clerk of the District Court, City and County of Denver, State of Colorado, using the Colorado Courts E-Filing System.

Steven M. Gutierrez

14765426_v1

-12-