# EXHIBIT C

| | |
|---|---|
| District Court, City and County of Denver, Colorado<br>1437 Bannock Street<br>Denver, Colorado 80202 | DATE FILED: May 1, 2020 8:45 AM<br>FILING ID: A787F1806BFEB<br>CASE NUMBER: 2020CV31518 |
| **TIMOTHY BARLOW,** individually and on behalf of all others similarly situated,<br><br>    **Plaintiff,**<br><br>v.<br><br>**WESTIN DIA OPERATOR, LLC,** a Delaware limited liability company,<br><br>    **Defendant.** | COURT USE ONLY |
| David H. Miller, Atty Reg. 8405<br>Adam M. Harrison, Atty Reg. 50553<br>THE SAWAYA & MILLER LAW FIRM<br>1600 Ogden Street<br>Denver, Colorado 80218<br>Phone: (303) 551-7691<br>Facsimile: (303) 303-7102<br>DMiller@sawayalaw.com<br>AHarrison@sawayalaw.com<br>*Attorneys for Barlow* | Case No:<br><br>Division: |
| **INDIVIDUAL AND CLASS ACTION COMPLAINT** | |

    The Plaintiff, Timothy Barlow ("Barlow"), on behalf of himself and all others similarly situated, by and through the undersigned counsel from the Sawaya & Miller Law Firm, pursuant to Article XVIII, Section 15 of the Colorado Constitution, the Colorado Wage Act, C.R.S. § 8-4-101 et seq., the prior Colorado Minimum Wage Orders, 7 C.C.R. 1103-1 (2019), and the current Colorado Overtime and Minimum Pay Standards Order, 7 C.C.R. 1103-1 (2020) (collectively, "Colorado Wage and Hour Law"), as his Individual

1

and Class Action Complaint against the Defendant, Westin DIA Operator, LLC, a Delaware company ("Westin"), states as follows:

## NATURE OF THE CASE

1. Barlow, individually and on behalf of all other employees who were subject to Westin's illegal wage and hour policies alleged herein ("the Class Members"), alleges that Westin violated Colorado Wage and Hour Law by: (1) failing to pay Barlow and the Class Members the applicable Colorado minimum wage rates; and (2) by taking approximately 25% of Barlow's and the Class Members' gratuities.

2. Prior to August 1, 2019, Colorado Wage and Hour Law permitted an employer to take part of "presents, tips or gratuities" (referred to herein as "gratuities") only if the employer "post[ed] in his or her place of business in a conspicuous place a printed card, at least twelve inches by fifteen inches in size, containing a notice to the general public in letters at least one-half inch high that all presents, tips, or gratuities given by any patron of said business to an employee thereof are not the property of said employee but belong to the employer." C.R.S. § 8-4-103(6) (2018).

3. On August 1, 2019, Colorado Wage and Hour Law was changed to prohibit employers from taking any part of employees' gratuities, regardless of whether they posted any notice to the public. C.R.S. § 8-4-103(6) (2019).

4. Under Colorado Wage and Hour Law, it is unlawful for an employer to take "tips or gratuities intended for employees in violation of the Colorado Wage Act." 7 C.C.R. 1103-1 Rule 6.1 (2020); 7 C.C.R. 1103-1:10 (2019). It is unlawful for an employer to make any wage deductions except for those explicitly enunciated in the Colorado Wage Act. C.R.S. § 8-4-105.

5. During the period relevant to this case, Westin paid its employees less than the Colorado minimum wage rates that were in effect throughout the period. For example, Barlow currently receives a base wage of $6.20 per hour instead of the $12.00 per hour mandated under Colorado Wage and Hour Law. Westin's failure to pay minimum wages to Barlow and the Class Members violates Colorado Wage and Hour Law.

6. During the period relevant to this case, Westin had a policy or practice of taking approximately 25% of the gratuities intended for Barlow and the Class Members, which it branded as "service charges." Westin's taking of Barlow's and the Class Members' gratuities is another violation of Colorado Wage and Hour Law.

7. Barlow alleges that Westin's violations of Colorado Wage and Hour Law were willful.

8. Barlow seeks declaratory and injunctive relief, back minimum wages, back wages, statutory penalties, reasonable attorney's fees and costs for himself and the Class Members.

## PARTIES

9. Barlow is a Colorado resident whose attorneys, the Sawaya & Miller Law Firm, are located at 1600 Ogden Street, Denver, Colorado 80218. Barlow is a current employee of Westin who seeks to represent a Class consisting of dozens of employees who were and currently are subject to Westin's illegal wage and hour policies.

10. Defendant Westin is a Delaware corporation that is primarily involved in the hospitality business. Westin does business in the State of Colorado primarily out of its hotel located at the Denver International Airport ("DIA") at 8300 Pena Boulevard, Denver, Colorado 80249 ("the Hotel"). Westin's registered agent, C T Corporation System, is located at 7700 E. Arapahoe Road, Suite 220, Centennial, Colorado 80112.

## JURISDICTION AND VENUE

11. Barlow hereby incorporates the allegations in each of the foregoing paragraphs as though fully set forth herein.

12. This Court has original jurisdiction over this civil action pursuant to Article 6 § 9(1) of the Colorado Constitution.

13. Defendant Westin's primary place of business in Colorado is its Hotel at DIA, located at 8300 Pena Boulevard, Denver, Colorado 80249, which is in this District.

14. The facts and circumstances giving rise to this Complaint occurred in the State of Colorado, primarily within this District.

15. Venue is proper under C.R.C.P. 98(c) because Westin's primary place of business is located in Denver, and the Defendant may be found in this District.

## FACTUAL ALLEGATIONS

### A. GENERAL ALLEGATIONS

16. Barlow hereby incorporates the allegations in each of the foregoing paragraphs as though fully set forth herein.

17. Westin is a Delaware company that is primarily involved the hospitality business.

18. Westin's primary place of business in Colorado is the Hotel located next to DIA.

3

19. As a company engaged in providing public accommodations, Westin is a part of Colorado's service industry.

20. As a company that prepares and offers food and beverages for sale, Westin is also part of Colorado's food and beverage industry.

21. At all times during the period from May 1, 2017 to the present ("the Relevant Period"), Westin was engaged in a business where the custom prevailed of the giving of tips or gratuities by patrons to employees.

22. During the Relevant Period, Westin employed dozens of individuals at the Hotel in customarily-tipped positions including bellhops, luggage handlers, servers, banquet servers, and room service personnel ("the Class Members").

23. At all times during the Relevant Period, Barlow and the other Class Members were engaged in occupations in which they customarily and regularly received more than $30.00 per month in gratuities.

24. Barlow was hired by Westin to work as a Service Express Attendant (i.e., bellhop) on November 19, 2015. Barlow is currently employed by Westin in that position.

25. During the Relevant Period, Westin employed more than 20 employees as Service Express Attendants, and employed dozens of other Class Members throughout the Hotel.

26. Barlow was and is an hourly employee who is currently paid a base wage of $6.20 per hour.

27. On information and belief, all of the Class Members are hourly employees.

28. Throughout the Relevant Period, Barlow generally worked (and still works) 40 to 42 hours per week for Westin.

29. At all times during the Relevant Period, Westin had a policy or practice of paying Barlow and the Class Members a base hourly wage that was below the applicable minimum wages, and even below Colorado's tipped minimum wages.

30. During the period from April 27, 2017 to December 31, 2017, the Colorado minimum wage was $9.30 per hour. Colorado's tipped minimum wage was $6.28 per hour.

31. During the period from January 1, 2018 to December 31, 2018, the Colorado minimum wage was $10.20 per hour. The tipped minimum wage was $7.18 per hour.

4

32. During the period from January 1, 2019 to December 31, 2019, the Colorado minimum wage was $11.10 per hour. Colorado's tipped minimum wage was $8.08 per hour.

33. During the period from January 1, 2020 to the date on which this Complaint was filed, the Colorado minimum wage was $12.00 per hour and Colorado's tipped minimum wage was $8.98 per hour.

34. At all times during the Relevant Period, due to its common policy or practice applicable to all Class Members, Westin paid Barlow and the Class Members less than Colorado's applicable wage rates. During every work week in 2017 through the present, Westin paid them less than the applicable tipped minimum wage: less than $6.28 per hour in 2017, less than $7.18 per hour in 2018, less than $8.08 in 2019, and less than $8.98 per hour in 2020.

35. Barlow estimates that he worked approximately 6,552 hours for hourly rates that were below the applicable minimum wages during the Relevant Period.

36. On information and belief, all of the other Class Members also worked for hourly rates that were below the minimum wages during all of the hours that they worked for Westin during the Relevant Period.

37. At all times during the Relevant Period, Westin had a policy or practice of taking a percentage of the "service charges" paid to Barlow and the other Class Members.

38. On information and belief, the "service charges" were gratuities that Westin patrons intended for Barlow and the other Class Members.

39. Westin's current policy or practice is to take approximately 25% of the gratuities earned by Barlow and the Class Members.

40. Barlow is not currently in possession of the information necessary to determine the precise amounts of gratuities that were taken from him and the other Class Members during the Relevant Period. That information is in the sole possession of Westin. Based on his knowledge and experience, Barlow believes that Westin took many thousands of dollars from the Class Members.

41. On April 13, 2020, Barlow sent a letter with the subject "Demand for Wages" to Westin, explaining that Westin violated Colorado Wage and Hour Law by failing to pay minimum wages and by deducting money from gratuities, and demanding the minimum wages and wages due to himself and the other Class Members.

5

42. Westin received Barlow's Demand but refused to pay Barlow and the other Class Members the amounts that were due to them under Colorado Wage and Hour Law.

43. At all times relevant to this Complaint, Westin was aware, or should have been aware, of the requirements of Colorado Wage and Hour Law but failed to pay Barlow and the Class Members the applicable minimum wages and deducted money from Barlow's and the Class Members' gratuities. As such, Westin's actions towards Barlow and the Class Members were "willful" as defined by Colorado Wage and Hour Law.

### B. CLASS ALLEGATIONS

44. Barlow hereby incorporates the allegations in each of the foregoing paragraphs as though fully set forth herein.

45. In addition to bringing his claims individually, Barlow also brings this case as a class action under C.R.C.P. 23 on behalf of the following Class:

> All individuals who worked for Westin in customarily-tipped positions from May 1, 2017 to the present.

46. The Class satisfies the prerequisites and requirements of C.R.C.P. 23 because:

   a. The Class consists of dozens of employees. Joinder of all such employees is impracticable;

   b. There are questions of law and fact that are common to the Class, which questions predominate over issues affecting only individual Class Members, including whether:

     i. Whether Westin had a policy or practice of paying Class Members less than the Colorado minimum wage;

     ii. Whether Westin had a policy or practice of paying Class Members less than Colorado's tipped minimum wage;

     iii. Whether Westin improperly deducted money from the Class Members' gratuities (wages);

     iv. Whether Westin's policies or practices violated Colorado Wage and Hour Law;

     v. Whether Westin's policies or practices generally harmed Class Members;

6

      vi. Whether Westin's actions were willful as defined by Colorado Wage and Hour Law; and

      vii. Whether Westin has any defenses for its creation and use of such illegal policies or practices;

  c. Barlow's claims are typical of the Class Members' claims because he was subject to Westin's policies or practices of paying less than Colroado's minimum wage rates and he had money deducted from his gratuities; and

  d. Barlow will fairly and adequately protect the interests of the Class. He has retained counsel that is experienced in wage and hour class litigation. Barlow and his counsel are free from any conflicts of interest that might prevent them from pursuing this action on behalf of the Class.

47. The prosecution of this case as a class action is superior to other methods of adjudication. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Westin. Adjudications with respect to individual Class Members would as a practical matter be dispositive to the interests of the other Class Members or substantially impair or impede their ability to protect their interests. Moreover, Westin has acted on grounds generally applicable to the Class.

48. On information and belief, no Class Member has expressed an interest in controlling the prosecution of a separate action or commenced their own litigation.

## COUNT I:

### FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF COLORADO WAGE AND HOUR LAW

Colo Const. Art. XVIII § 15
C.R.S. § 8-4-101 et seq.
7 C.C.R. 1103-1

49. Barlow hereby incorporates the allegations in each of the foregoing paragraphs as though fully set forth herein.

50. At all times during the Relevant Period, Westin was an "employer" covered by Colorado Wage and Hour Law. C.R.S. § 8-4-101(6); 7 C.C.R. 1103-1:1, 1:2 (2019); 7 C.C.R. 1103-1 Rule 1.6 (2020).

51. At all times during the Relevant Period, Westin was part of Colorado's "Retail and Service" industry and Colorado's "Food and Beverage" industry, as defined under 7 C.C.R. 1103-1:2 (2019).

52. At all times during the Relevant Period, Barlow and the Class Members were "employees" of Westin under Colorado Wage and Hour Law. C.R.S. § 8-4-101(5); 7 C.C.R. 1103-1:1 (2019); 7 C.C.R. 1103-1 Rule 1.5 (2020).

53. At all times during the Relevant Period, Westin, Barlow, and the Class Members were engaged in businesses where the custom prevailed of the giving of gratuities by patrons to employees. C.R.S. § 8-4-103(6) (2018); C.R.S. § 8-4-103(6) (2019).

54. At all times during the Relevant Period, Barlow and the Class Members were "tipped employees" as defined by Colorado Wage and Hour Law. 7 C.C.R. 1103-1:2 (2019); 7 C.C.R. 1103-1 Rule 1.10 (2020).

55. Under Colorado Wage and Hour Law, Westin was required to pay Barlow and the Class Members minimum wage rates of: $9.30 per hour for the hours they worked in 2017; $10.20 per hour for the hours they worked in 2018; $11.10 per hour for the hours they worked during 2019; and $12.00 per hour for the hours they worked in 2020.

56. Westin violated Colorado Wage and Hour Law by paying Barlow and the Class members less than $9.30 per hour for the hours they worked in 2017, less than $10.20 per hour for the hours they worked in 2018, less than $11.10 per hour for the hours they worked during 2019, and less than $12.00 per hour for the hours they worked in 2020.

57. Because Westin was aware, or should have been aware, of the requirements of Colorado Wage and Hour Law at all times during the Relevant Period, the Defendant's violations were willful.

58. Due to Westin's failure to pay minimum wages, Barlow and the other Class Members are entitled to back wages representing the difference between the Colorado minimum wage and the illegal base rates they were paid – a current difference of $5.75 per hour – plus statutory penalties, reasonable attorney's fees, and the costs of this litigation. C.R.S. §§ 8-4-103, 8-4-109, 8-4-110.

59. Barlow estimates that he worked approximately 6,552 hours for Westin during the relevant period. He is therefore entitled to unpaid minimum wages of at least $37,674.00, plus penalties, reasonable attorney's fees, and costs. The other Class Members are entitled to similar amounts.

## COUNT II:

### WAGE THEFT IN VIOLATION OF COLORADO WAGE AND HOUR LAW

C.R.S. § 8-4-105
7 C.C.R. 1103-1 Rule 6.1 (2020)
7 C.C.R. 1103-1:10 (2019).

60. Barlow hereby incorporates the allegations in each of the foregoing paragraphs as though fully set forth herein.

61. Colorado Wage and Hour Law requires employers to make prompt payment of all wages due to employees. C.R.S. § 8-4-103.

62. The Colorado Wage Act prohibits employers from deducting any amounts from employees' wages except in very limited circumstances that are not present in this case. C.R.S. § 8-4-105.

63. At all times during the Relevant Period, Westin had a policy or practice of taking part of the gratuities it labeled as "service charges" from Barlow and the Class Members. Westin currently takes approximately 25% of such gratuities.

64. Westin's taking of Barlow's and the Class Members' gratuities constitutes wage theft in violation of Colorado Wage and Hour Law. *See* C.R.S. § 8-4-105.

65. Prior to August 1, 2019, the Colorado Wage Act permitted an employer to take part its employees' gratuities only if the employer "post[ed] in his or her place of business in a conspicuous place a printed card, at least twelve inches by fifteen inches in size, containing a notice to the general public in letters at least one-half inch high that all presents, tips, or gratuities given by any patron of said business to an employee thereof are not the property of said employee but belong to the employer." C.R.S. § 8-4-103(6) (2018).

66. At no time during the Relevant Period did Westin post a public notice to its patrons that the "service charges" were "not the property of [the Class Members] but belong[ed] to the employer." *See* C.R.S. § 8-4-103(6) (2018). Therefore, Westin's taking of the Class Members' gratuities prior to August 2019 violated Colorado Wage and Hour Law.

67. On August 1, 2019, the Colorado Wage Act was amended to prohibit employers from taking any part of employees' gratuities, regardless of whether they posted any notice to the public. C.R.S. § 8-4-103(6) (2019). Nevertheless, Westin continued its policy or practice of taking 25% of gratuities it labeled as "service charges" after August 2019.

9

68. Under Colorado Wage and Hour Law, it is unlawful for an employer to take "tips or gratuities intended for employees in violation of the Colorado Wage Act." 7 C.C.R. 1103-1 Rule 6.1 (2020); 7 C.C.R. 1103-1:10 (2019). Westin's policy or practice of taking 25% of the Class Members' gratuities violated this prohibition.

69. Because Westin was aware, or should have been aware, of the requirements of Colorado Wage and Hour Law at all times during the Relevant Period, the Defendant's violations were willful.

70. Barlow is not currently in possession of the information necessary to determine the precise amounts of gratuities that were taken, but he believes Westin took many thousands of dollars from him and the other Class Members.

71. Because Westin improperly took Barlow's and the Class Members' wages, Barlow and the Class Are entitled to back wages in the amount of all gratuities that were taken, plus statutory damages, reasonable attorney's fees, and the costs of this litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, individually and on behalf of all of the Class Members, respectfully asks that the Court enter judgment against the Defendant and award the Plaintiff and the Class Members:

A. Certification of this case as a class action under C.R.C.P. 23, appointment of Barlow as class representatives and the undersigned attorneys from the Sawaya & Miller Law Firm as class counsel, and notice of this action to all Class Members;

B. A declaratory judgment condemning the Defendant's willful violations of Colorado Wage and Hour Law;

C. A preliminary injunction prohibiting the Defendant from continuing its illegal wage and hour policies and practices;

D. A permanent injunction prohibiting the Defendant from continuing its illegal wage and hour policies and practices;

E. Back minimum wages reflecting the difference between Colorado's minimum wages and the base wage rates paid to the Plaintiff and the Class Members;

F. Back wages reflecting the entire amounts that the Defendant deducted from the Plaintiff's and the Class Members' gratuities;

G. All applicable statutory penalties provided under Colorado Wage and Hour Law;

H. Service payments to the Plaintiff for his services to the Class Members;

I. The Plaintiff's and the Class Members' reasonable attorney's fees;

J. The costs of this action;

K. An order requiring the Defendants to pay the costs of administering any and all payments awarded to the Class Members by the Court; and

L. Any other and further relief that may be equitable and just.

Respectfully submitted,

*/s/ Adam M. Harrison*

_____

Adam M. Harrison
David H. Miller
THE SAWAYA & MILLER LAW FIRM
1600 Ogden Street
Denver, Colorado 80218
Phone: 303.551.7691
Fax: 303.832.7102
E-mail: aharrison@sawayalaw.com
dmiller@sawayalaw.com

*Attorneys for Timothy Barlow individually and on behalf of all others similarly situated*

11