**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-01612-RMR-KLM

TIMOTHY BARLOW,
individually and on behalf of all others similarly situated,

      Plaintiff,

v.

WESTIN DIA OPERATOR, LLC,
a Delaware limited liability company,

      Defendant.

---

**ORDER GRANTING JOINT MOTION SEEKING FINAL APPROVAL OF CLASS
ACTION SETTLEMENT, SERVICE AWARDS, ATTRONEYS' FEES, COSTS, AND
COSTS OF ADMINISTRATION AND AUTHORIZATION TO DISTRIBUTE THE
CLASS SETTLENT AMOUNT**

---

This matter comes before the Court on the Parties' Joint Motion seeking the Court to grant final approval of the Settlement Class, grant final approval of the $47,500.00 Settlement reflected in their Settlement Agreement, the Service Awards contemplated by the Settlement Agreement, the Plaintiff's attorneys' fees and costs, and the costs of administering the Settlement, and to authorize the Settlement Administrator to distribute the Class Settlement Amount. Having reviewed the Motion and held a hearing before the Court of April 14, 2022, at 10:00 a.m., and being fully advised on the premises, the Court hereby GRANTS the Motion and finds and ORDERS as follows:

I.      The Court finds that the proposed Settlement Class consisting of all employees who worked at the Westin Denver International Airport hotel as Service Express and/or In-Room Dining

employees between May 1, 2018, and February 10, 2021, satisfy the requirements of Fed. R. Civ. P., Rule 23(a).

II.    The Court additionally finds that, as to the Settlement Class and pursuant to Fed. R. Civ. P., Rule 23(b)(3), both predominance and superiority are satisfied;

III.    The Court ORDERS that the Settlement Class is hereby CERTIFIED;

IV.    The Court finds that: (1) the Parties' Settlement was fairly and honestly negotiated; (2) the Parties' judge the Settlement to be fair and reasonable; (3) serious questions of law and fact exist and place the ultimate outcome of the litigation in doubt; and (4) the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation. *See Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002). Accordingly, the Court APPROVES the Settlement;

V.    The Court finds that Notice to the Settlement Class was adequate as 36 out of 39 Class Members received Notice by either U.S. Mail or E-mail, and there were no objections or opt-outs to the Settlement;

VI.    Having reviewed the Plaintiff's actions, the degree of benefit provided to the Class, and the amount of time and effort expended, and compared the requested amount to other awards granted in similar cases, the Court finds that the Plaintiff's requested Service Award is reasonable, APPROVES the Service Award amount of $5,000.00, and ORDERS the amount to be paid to Timothy Barlow from the Settlement amount;

VII.    The Court finds that the Class Counsel's Attorneys' Fees and Costs are reasonable as the Court finds: (1) Class Counsel's hours expended and requested rates are reasonable; (2) Class Counsel's actual costs are reasonable; (3) Class Counsel's request for attorney's fees

in the amount of 33% of the settlement alone is reasonable; (4) Class Counsel have agreed to be compensated for both their attorney's fees and costs in their request for 33% of the Settlement amount; (4) 33% of the Settlement amount is drastically less than what Class Counsel would be owed under the lodestar approach; and (5) Class Counsel have established that the twelve factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) weigh in favor of the reasonableness.

VIII.   The Court APPROVES the Attorney's Fees and Costs in the amount of $15,675.00 and ORDERS the amount to be paid to The Sawaya & Miller Law Firm from the Settlement amount;

IX.   The Court finds that the costs of administration are reasonable, APPROVES the costs of administration in the amount of $6,831.00, and ORDERS the Defendant to pay the amount to Rust Consulting, Inc. separate and apart from the Settlement amount;

X.   The Court hereby AUTHORIZES the Settlement Administrator to distribute the Class Settlement Amount in accordance with the Settlement Agreement.

DATED  this 15th day of April, 2022.

BY:

_____

REGINA M. RODRIGUEZ
UNITED STATES DISTRICT JUDGE